## GIBBONS v. STATE. (No. 8591.)

(Court of Criminal Appeals of Texas. June 11, 1924. Rehearing Denied Nov. 5, 1924 On Motion to Reform Sentence, Jan. 14, 1925.)

1. **Criminal law ⊜⇒449—Letter not connected with crime, and containing expression of opinion, held properly excluded.**

In prosecution for murder, exclusion of letter *held* proper, where neither sender nor receiver thereof were parties to transaction, and it contained expressions of opinion which were not binding on either state or defendant.

On Rehearing.

2. **Criminal law ⊜⇒1090(18)—Objections to refusal of continuance not preserved in bill of exceptions not reviewable.**

Where objections to refusal of continuance are not preserved by bill of exception, they will not be reviewed.

Appeal from District Court, Orange County; V. H. Stark, Judge.

William Gibbons was convicted of murder, and he appeals. Affirmed.

Howth, Adams, O'Fiel & Hart, of Beaumont, and A. J. Schnitzel and Ed. S. McCarver, both of Orange, for appellant.

R. Lee Davis, Co. Atty., of Orange, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Orange county of murder, and his punishment fixed at confinement for life in the penitentiary.

[1] There is no dispute of the fact that appellant shot and killed deceased as alleged in the indictment. The defense sought to convince the jury that the killing was either upon self-defense or at most constituted no graver offense than manslaughter. There is no complaint in the record of the manner in which the issues were submitted in the charge of the court. The record contains but one bill of exceptions, in which is presented complaint of the rejection in evidence of a letter written by Oscar Head to his son. Neither of these were parties to the instant transaction. Apparently, the letter was offered in evidence for the light it might shed upon the actions of deceased. In our opinion it could not have any proper place in the record. Opinions expressed by Oscar Head to his son or inferences sought to be drawn from the language used in the letter from Oscar Head to his son, could be binding upon neither the state nor the accused in a case such as this.

The facts in evidence amply support the jury's conclusion of guilt, and their refusal to accept the defensive theories offered.

Finding no error in the record, the judgment of the trial court will be affirmed.

On Motion for Rehearing.

[2] Appellant renews his complaint of the refusal of a continuance. The rule laid down by all the authorities in this state, and adhered to through many years, requires the accused who wishes the Court of Criminal Appeals to review such a complaint, to preserve his objection by a bill of exceptions, which was not done in this case.

Appellant also renews the complaint of the rejection in evidence of a letter written by Oscar Head to his son Carl Head. This matter was disposed of in the original opinion, and no authorities are cited, or sufficient reasons advanced for a change of opinion on our part in regard to it.

This court is compelled to decide cases on appeal upon the records as they are made, and cannot be affected by discussion in briefs or opinions of errors not properly preserved by bills of exception or other matters of record, upon the trial.

The motion for rehearing will be overruled.

On Motion to Reform Sentence.

When this case was before us during the last term on appeal, and was affirmed, our attention was not called to the fact that appellant was not given an indeterminate sentence. Our attention has since been called to said fact, and the case is before us upon motion of appellant to reform the sentence, which is here done, and said sentence will be so reformed as that it shall adjudge appellant to be confined in the state penitentiary for a term of years not less than five nor more than the length of his natural life, in accordance with the judgment herein rendered.